**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No. 26-00160-ELG |
| ACI Federal, Inc. | Chap 11 |
| Debtor | |

## DEBTOR'S MOTION TO VOLUNTARILY DISMISS BANKRUPTCY CASE

ACI Federal, Inc. (the "Debtor"), by and through undersigned counsel respectfully moves for entry of an order dismissing this Chapter 11 case and states as follows:

### Background

1.  The Debtor is a corporation and commenced this case by filing a voluntary petition under Chapter 11 on or about April 1, 2026.

2.  No Chapter 11 trustee has been appointed.

3.  Debtor seeks dismissal of this case because Debtor has determined that bankruptcy relief is not in its best interest at this time and intends to pursue an alternative approach to Debtor's financial obligations.

4.  To the Debtor's knowledge, there are no pending motions to dismiss or convert the case; there are no pending motions to appoint a trustee or examiner; and no first-day orders (including DIP financing, cash collateral, or use of estate bank accounts orders) are presently in effect.

### Requested Relief

4.  The Debtor requests entry of an order dismissing this Chapter 11 case without prejudice.

5.  The Debtor requests that the dismissal order state that the dismissal is without prejudice and without any dismissal conditions "for cause" under 11 U.S.C. § 349(a).

6. The Debtor also requests that the order clarify that it does not impose any refiling bar under 11 U.S.C. § 109(g). See 11 U.S.C. § 349(a); 11 U.S.C. § 109(g).

**Good Faith and Need for Clarity to Avoid Prejudicial Language**

7. This Motion is filed in good faith and not for purposes of delay or to hinder or harass creditors.

8. The Debtor requests non-prejudicial dismissal language because the phrase "dismissal with prejudice" in bankruptcy is not self-defining and can be construed to carry materially different consequences depending on the court's intent and the wording of the order. *Colonial Auto Center v. Tomlin*, 105 F.3d 933 (4th Cir. 1997).

9. To the extent any party requests a prejudicial dismissal or filing restriction, the Debtor submits that such relief generally requires an appropriate record and findings consistent with bad faith and prejudice to creditors, and should not be imposed on the present record. *United States v. Frieouf*, 938 F.2d 1099 (10th Cir. 1991).

**WHEREFORE**, The Debtor respectfully requests that the Court enter an order:

A. Dismissing this Chapter 11 case;

B. Providing that the dismissal is without prejudice;

C. Providing that the dismissal is not "with prejudice," and that the Court is not imposing any condition "for cause" under 11 U.S.C. § 349(a) nor any refiling bar under 11 U.S.C. § 109(g); and

D. Granting such other and further relief as the Court deems just and proper.

Dated: April 10, 2026                    Respectfully Submitted,

_/S/ Christoher Viviani_____

Christopher Viviani, Esq.
Viviani Law Firm, PLLC
1629 K Street NW, Ste. 300
Washington, DC 20006
202.349.3949
cv@chrisvivianiesq.com

***

**Notice of Deadline to Respond**

Under the local bankruptcy rule of this court, any response to this motion is required to be filed within 21 days 21 days after the later of the date of filing or the date of service of the notice.

/S/   Christopher Viviani

***

**Certificate of Service**

I state that on April 10, 2026 the following has been electronically filed with electronic copies furnished to all associated individuals associated with this matter via the PACER electronic case filing system.

/S/   Christopher Viviani